MASSACHUSETTS WINE & SPIRITS CORP. *vs.* JAMES CONCANNON & others.

JAMES CONCANNON *vs.* MASSACHUSETTS WINE & SPIRITS CORP.

Suffolk. October 8, 1936. — January 25, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Sale,* Parties. *Conversion.*

A finding was warranted that goods were sold and delivered upon the order of a general manager of a business and on the credit of the ostensible owners; the facts that the general manager had agreed to purchase the business under a contract which gave him no title until full payment of the purchase price, which never was made, and that he had agreed with one of the owners, but not with the plaintiff, to "be responsible personally and solely for all bills," did not affect the rights of the seller of the goods.

No error of law appeared in a finding for the defendant in an action of tort for conversion brought by one of three brothers against a corporation which had attached certain personal property in an action against the three brothers and had removed it to a storehouse, where there was evidence that the property was owned by all the brothers and all had consented to such removal.

CONTRACT. Writ in the Municipal Court of the City of Boston dated June 10, 1935; also an action of

TORT. Writ in the same court dated July 3, 1935.

Both actions were heard by *Brackett*, J. Reports by him to the Appellate Division of the action of contract, in which he found for the plaintiff in the sum of $120.12, and of the action of tort, in which he found for the defendant, were ordered dismissed. The defendants in the action of contract and the plaintiff in the action of tort appealed.

*S. Stern*, for Concannon and others.

No argument nor brief for Massachusetts Wine & Spirits Corp.

LUMMUS, J. The first action is one of contract to recover $120.12 for liquor sold and delivered to Concannon's Tavern in Brighton from April 8, 1935, to May 29, 1935. The only question is whether the three defendants, James, John and Martin Concannon are liable. Prior to April 2, 1935, they conducted the tavern and bought liquor from the plaintiff. On that day one Robert P. Murphy became the agreed vendee of the tavern, but was to acquire no title until full payment of the price which was never made, and in the meantime was to manage the tavern. His agreement with one of the defendants to "be responsible personally and solely for all bills" did not affect the plaintiff. The trial judge found that "the plaintiff sold goods to all three defendants as the owners of a business of which one Robert P. Murphy was the general manager, that said business was conducted under the trade name of 'Concannon's Tavern,' and that said Murphy as manager of said business ordered of, and received delivery from the plaintiff of all the merchandise referred to in the plaintiff's declaration." This finding was warranted by the evidence. The requests for rulings need not be discussed in detail.

The second action is one of tort for conversion in attaching chattels of James Concannon in the tavern upon the writ in the first action, and removing them to a storehouse. There was evidence that the chattels were owned by all three Concannons, and that all three consented to the re-

moval of them to a storehouse. There was no error in finding for the defendant in this action. The requests for rulings require no discussion. In each case the entry will be

*Order dismissing report affirmed.*